IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(PADUCAH DIVISION)

LANNY E. HAYS                                                                                                        PLAINTIFF
264 Logsdon Drive
Mayfield, Kentucky 42066

                                             Case No.  5:17-cv-96-GNS

v.

                                             Judge  Greg N. Stivers


EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:     CSC-Lawyers Incorporating Service Co.
                              421 W. Main Street
                              Frankfort, Kentucky 40601
                              (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

        SERVE:     CT Corporation System
                              306 W. Main Street, Suite 512
                              Frankfort, Kentucky 40601
                              (BY CERTIFIED MAIL)

                                           ** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Lanny E. Hays, and for his Verified Complaint against the Defendants, Equifax Information Services, LLC ("Equifax") and Experian Information Solutions, Inc. ("Experian"), states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out of the Defendants' false reporting of alleged delinquent debts; Defendants' failure to investigate Plaintiff's disputes of Defendants' credit reporting; and Defendants' failure to correct their false reporting on Plaintiff's Equifax and Experian credit reports.

### II. PARTIES

2. Plaintiff, Lanny E. Hays, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 264 Logsdon Drive, Mayfield, Kentucky 42066.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

5. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

7. Defendant, Experian, is a corporation organized under the laws of the State of

California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

8. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

9. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

10. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Graves County, Kentucky as a result of the Defendants' doing business in Graves County, Kentucky.

### IV. FACTUAL BACKGROUND

11. In August 2011, Plaintiff, who was an employee of the federal Department of Energy, was seriously injured on the job. Plaintiff is currently considered permanently disabled due to his workplace injury. Among the benefits Plaintiff receives as a result of his disability and workplace injury is forgiveness of Plaintiff's federal student loans.

12. In February 2017, Plaintiff, while in the process of seeking home mortgage financing, accessed his Equifax and Experian credit reports and discovered derogatory tradelines furnished by the federal Department of Education referencing three allegedly past due student loans.

13. Immediately upon discovering the false and derogatory tradelines regarding the student loans, Plaintiff filed disputes with Equifax and Experian regarding the inaccuracy of the Department of Education tradelines. Specifically, Plaintiff disputed (1) Account No. 21125*** in

3

the amount of $2,460.00; (2) Account No. 21121*** in the amount of $2,366.00; and (3) Account No. 20649*** in the amount of $621.00, and requested that the inaccurate tradelines be removed from his Equifax and Experian credit reports.

14. Upon information and belief, Equifax and Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified the Department of Education of the disputes at or within five (5) days of Equifax's and Experian's receiving notice of the disputes from Plaintiff.

15. In March 2017, Equifax and Experian verified the alleged past due student loan accounts.

16. Despite Plaintiff's lawful request for removal of the disputed items pursuant to the FCRA, Equifax and Experian failed to investigate Plaintiff's disputes and failed to remove the disputed items from Plaintiff's credit reports.

17. Upon information and belief, Equifax and Experian did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed items within a reasonable time following Equifax's and Experian's receipt of Plaintiff's disputes.

18. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' false reporting of Plaintiff's alleged past due account.

## V. CLAIMS

### Negligence – Equifax

19. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

20. Equifax's failure to investigate Plaintiff's disputes and its failure to remove and/or

amend the Department of Education's false report of Plaintiff's alleged past due student loan accounts from Plaintiff's Equifax credit reports, despite Plaintiff's lawful notices to Equifax of the falsity of the reports, was negligent.

21. In failing to investigate Plaintiff's disputes and in failing to remove and/or amend the subject tradelines, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

22. Equifax's negligent failure to remove the alleged past due student loan accounts from Plaintiff's Equifax credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

23. Equifax's failure to investigate Plaintiff's disputes and its failure to remove and/or amend the subject tradelines on Plaintiff's credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the reports, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Experian

24. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25. Experian's failure to investigate Plaintiff's disputes and its failure to remove and/or amend the Department of Education's false report of Plaintiff's alleged past due student loan accounts from Plaintiff's Experian credit reports, despite Plaintiff's lawful notices to Experian of the falsity of the reports, was negligent.

26. In failing to investigate Plaintiff's disputes and in failing to remove and/or amend the subject tradelines, Experian breached its duty to Plaintiff to thoroughly investigate any and all

credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

27. Experian's negligent failure to remove the alleged past due student loan accounts from Plaintiff's Experian credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

28. Experian's failure to investigate Plaintiff's disputes and its failure to remove and/or amend the subject tradelines on Plaintiff's credit report, despite Plaintiff's lawful notices to Experian of the falsity of the reports, was willful and wanton, entitling Plaintiff to punitive damages therefor.

## Defamation – Equifax

29. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 28 as if fully set forth herein.

30. Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, the Department of Education, and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff has past due student loan accounts. Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

31. Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due student loan accounts amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

32. Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 31 as if fully set forth herein.

33. Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, the Department of Education, and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff has past due student loan accounts. Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

34. Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due student loan accounts amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

35. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

36. Equifax's failure to investigate Plaintiff's disputes and to remove and/or amend the disputed tradelines on Plaintiff's Equifax credit reports despite Equifax's knowledge of the falsity of the disputed items are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

37. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit reports within a reasonable time following Equifax's receipt of Plaintiff's disputes

are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

38. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

39. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 38 as if fully set forth herein.

40. Experian's failure to investigate Plaintiff's disputes and to remove and/or amend the disputed tradelines on Plaintiff's Experian credit reports despite Experian's knowledge of the falsity of the disputed items are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

41. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit reports within a reasonable time following Experian's receipt of Plaintiff's disputes are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

### Willful Violation of the Fair Credit Reporting Act – Equifax

42. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 41 as if fully set forth herein.

43. Equifax's failure to investigate Plaintiff's dispute and to remove and/or amend the subject tradelines on Plaintiff's Equifax credit report despite Equifax's knowledge of the falsity of

the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

44. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove and/or amend the disputed items within a reasonable time following Equifax's receipt of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

45. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Experian**

46. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 45 as if fully set forth herein.

47. Experian's failure to investigate Plaintiff's disputes and to remove and/or amend the subject tradelines on Plaintiff's Experian credit reports despite Experian's knowledge of the falsity of the disputed items are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

48. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove and/or amend the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute are willful violations of Experian's duties regarding investigation of disputed items as stated in 15

U.S.C. §1681i.

49. Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Lanny E. Hays, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/s/David W. Hemminger
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY 40202
Phone, (502) 443-1060
Facsimile, (502) 589-3004
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Lanny E. Hays, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Lanny E. Hays

COMMONWEALTH OF KENTUCKY   )
                            ) SS
COUNTY OF GRAVES            )

Subscribed, sworn to and acknowledged before me by Lanny E. Hays this 19th day of June, 2017.

_____
Notary Public

Commission expires: 10-26-20